**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

MICHAEL O'CONNOR,

        Plaintiff,

v.                                                    Case No. 6:23-cv-1045-JRK

FRANK BISIGNANO,
Commissioner of Social Security, [1]

        Defendant.

_____

**O R D E R**

This cause is before the Court on Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 23; "Motion"), filed December 8, 2025. Plaintiff's counsel seeks a net award of $67,273.51 pursuant to 42 U.S.C. § 406(b). Id. at 1-2. The Social Security Administration withheld a total of $75,230.00, amounting to 25% of Plaintiff's past-due benefits, to pay attorneys' fees. See Notice of Award (Doc. No. 23-2), at 4. Plaintiff's counsel, recognizing he must refund to Plaintiff twice previously-awarded EAJA fees totaling $7,956.49, [2] asks that the Court award a net 406(b) fee of $67,273.51 ($75,230.00 less $7,956.49), Motion at 2. This essentially takes the onus off

_____

[1]      Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      See Motion at 2, 4; Order (Doc. No. 21), entered January 2, 2025; Order (Doc. No. 21, entered July 21, 2022, Case No. 6:21-cv-1833-LHP.

Plaintiff's counsel to physically refund the EAJA fee to Plaintiff and allows the

Administration to do so instead. Defendant takes no position on the Motion. See

Defendant's Response to Plaintiff's Motion for Attorney's Fees Pursuant to 42

U.S.C. § 406(b) (Doc. No. 24), filed December 18, 2025.

> Section 406(b)(1)(A) states in pertinent part:
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap

on the aggregate of attorney's fees awarded under § 406(a)—which are awarded

for work done at the administrative level—and § 406(b). Culbertson v. Berryhill,

586 U.S. 53, 54 (2019). Instead, "the 25% cap applies only to fees for

representation before the court, not the agency." Id. at 54.

The twenty-five percent ceiling was meant "to protect claimants against

'inordinately large fees' and also to ensure that attorneys representing

successful claimants would not risk 'nonpayment of [appropriate] fees.'"

Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section]

406(b) does not displace contingent-fee agreements as the primary means by

which fees are set for successfully representing Social Security benefits

2

claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time

3

spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA fees from the United States and an award under 42 U.S.C. § 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits due to him and any family members. See Retainer Agreement- Federal Court Appeal (Doc. No. 23-1). Counsel represented Plaintiff in two appeals to this Court of the Commissioner's denial of social security benefits. Plaintiff's counsel spent no fewer than 33.7 hours representing Plaintiff before this Court, amounting to an effective hourly rate of just under $2,000. See Lester v. Comm'r of Soc. Sec., No. 5:23-cv-266-PRL, 2025 WL 90094, at *1 (M.D. Fla. Jan. 14, 2025) (approving a § 406(b) fee amounting to an effective hourly rate of $1,851.85 and collecting cases); Amador v. Acting Comm'r of Soc. Sec. Admin, No. 8:16-cv-3271-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving $1,474 per hour and collecting cases). This Court twice reversed the decision of the Commissioner and remanded the case for further administrative proceedings, which ultimately resulted in an award of more than thirteen years of past-due benefits (approximately $300,920.00). See Notice of Award (Doc. No. 23-2). Although the effective hourly rate is admittedly on the high end, the lack of

opposition, combined with the unique posture of Plaintiff's claim for benefits—only having been granted after thirteen years and two remands from this Court—warrant special consideration.

Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the total amount due under Section 406(b) ($75,230.00) is reasonable and due to be awarded. However, in accordance with counsel's request, the Court will subtract the previously-awarded EAJA fee of $7,956.49 for a net award to counsel of $67,273.51.

For the foregoing reasons, it is

**ORDERED**:

1.      Richard A. Culbertson's Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 23) is **GRANTED**.

2.      Plaintiff's counsel, Richard A. Culbertson, is awarded $75,230.00 pursuant to 42 U.S.C. § 406(b). However, the Court subtracts from this award the previously-paid EAJA fees in the amount of $7,956.49, for a net award of $67,273.51 to be paid from the past-due benefits awarded to Plaintiff and any dependent children. The Commissioner shall now pay Mr. Culbertson the sum

of $67,273.51 from the past-due benefits withheld. Any remainder of withheld benefits for Plaintiff and any dependent children shall be paid directly to Plaintiff.

3.      The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on April 6, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

6